ALBERT H. FORD, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, November 13, 1918.

**Negligence — blasting by State to deepen barge canal causing flooding of quarry lands — erroneous finding as to damages.**

A claim was made for damages to a quarry alleged to have been due to blasting in the barge canal to deepen the same. The quarry was twenty-three feet below the bottom of the canal and thirty feet below the surface of the ground. In blasting the holes were drilled three feet apart and charged with sticks containing sixty per cent dynamite, by which sandstone was removed to a depth of approximately two feet and nine inches, but the effect of the blasting did not extend more than one foot below the depth of the hole. The quarry was close to the north side of the canal, and an abandoned quarry trespassed somewhat upon the canal lands, and was close to the south side of the canal. Claimant contended that the blasting opened vertical seams of sandstone and that the water flooding the quarry came from the canal. The defendant contended that there existed some twenty feet below the bottom of the canal a seam between the layers of stone, which led from the abandoned quarry, and which plaintiff unsealed while quarrying, causing the water to come into his quarry from the abandoned quarry. There were findings that the rock in claimant's quarry " lies in horizontal beds which slope or dip to the southwest," and that there was an underground passage or passages between the abandoned quarry and claimant's quarry. The abandoned quarry was kept filled with water from the canal, with water from drains, by water pumped into it from another quarry, and by surface water.

*Held,* that an instruction " that the water that was in claimant's quarry during the period covered by the claims in suit was 23/24 thereof canal water

and came from the Barge Canal," was too liberal a charge for canal water which went into the abandoned quarry and thence into claimant's quarry.

APPEAL by the defendant, The State of New York, from an order and determination of the Court of Claims in favor of the claimant, entered in the office of the clerk of said court on the 14th day of March, 1918, awarding to the claimant $14,465.33.

*Merton E. Lewis, Attorney-General [Alexander Otis, Deputy Attorney-General,* of counsel], for the appellant.

*Ramsdale & Church [Sanford T. Church* of counsel], for the respondent.

LYON, J.:

This is an appeal from a judgment of the Court of Claims for damages sustained by claimant between May 1, 1915, and November 1, 1916, by reason of the flooding of quarry lands located near the hamlet of Hulberton, Orleans county, N. Y., through the negligence of the State in the construction and maintenance of the barge canal.

It appears that in the work of excavating for the canal it was necessary for the State to blast out an additional depth of the former canal. This it did by drilling holes three feet in depth and inserting sticks containing sixty per cent of dynamite by which the explosion removed sandstone to the depth of approximately two feet and nine inches. This blasting was done during the winter of 1912–1913 and 1913–1914. The effect of the blasting as stated by the son of the plaintiff did not extend beyond one foot beyond the depth of the hole. The location of plaintiff's quarry is twenty-three feet below the bottom of the canal, and thirty feet below the surface of the ground. Prior to 1913 the quarry was kept dry by a steam pump working one hour each day. In 1913 the plaintiff was obliged to work the pump night and day to keep the quarry dry. In 1914 and 1915 the plaintiff used two pumps. In the fall of 1915 he was deeper than he had ever quarried before, and when about three feet above the bottom of the quarry and twenty feet below the canal prism he struck a sheet of water from one-half of an inch to four

inches deep and from fifty to sixty feet long. He tried to calk the stream but could not do it, and about November fifteenth the water came in so fast it drowned the quarry out.

The plaintiff's quarry was close to the north side of the canal, and an abandoned quarry trespassed somewhat upon the canal lands, and was close to the south side of the canal. The plaintiff's theory is that this blasting in the canal bed opened some of the vertical seams of the sandstone, and that the water which came into plaintiff's quarry came from the canal. This seems strange in view of the fact that the blast being effective only one foot below the hole in the sandstone should have affected the seam between the layers of stone to a depth of over twenty feet. The theory of the defendant is that there exists some twenty feet or more below the bottom of the canal, between the layers of sandstone, a seam which leads from the abandoned quarry underneath the canal to the plaintiff's quarry, and which the plaintiff unsealed in his quarrying, and that the water came into his quarry from the abandoned quarry on the south side of the canal.

In fact the court finds: "12. That the rock in the claimant's quarry lies in horizontal beds which slope or dip to the southwest;" and the existence of this seam is found in the defendant's requests to find. "24. That there is an underground passage or passages between the abandoned quarry at the south end of culvert 70 and the claimant's quarry which carries water." This abandoned quarry is kept filled with water from the canal; with water from drains which run both east and west; by water pumped into it from the Vincent quarry just to the east, which is about thirty feet deep; and by surface water which of itself is sufficient to fill the quarry. It was the intention that the water from these drains should pass through culvert 70 and underneath the canal and empty into a stream which flows in a general northerly direction and empties into Lake Ontario.

We think the court was entirely unwarranted in charging the State in his 18th finding of fact as follows: " *Eighteenth.* That the water that was in the claimant's quarry during the period covered by the claims in suit was 23/24 thereof canal water and came from the Barge Canal operated by the State

of New York." We think this is far too liberal a charge for water from the barge canal which went into the abandoned quarry and thence into plaintiff's quarry during the period of the claims in suit. There are other items of a lesser amount which are not supported by the proofs, but in the new trial which must be had these may be corrected.

A new trial must be granted, with costs to the defendant to abide the event.

All concurred.

Judgment reversed, on law and facts, and new trial granted, with costs to the appellant to abide event. The court disapproves of the eighteenth finding of fact.